[No. A111490. First Dist., Div. Three. Feb. 22, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
MARZELL BROWN, Defendant and Appellant.

## COUNSEL

Janet J. Gray, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Robert A. Anderson and Mary Jo Graves, Chief Assistant Attorneys General, Gerald A. Engler, Assistant Attorney General, Catherine A. Rivlin, Amy Haddix and Ann P. Walthen, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**McGUINESS, P. J.**—Pursuant to a plea agreement, Marzell Brown was convicted of one felony count of assault with a deadly weapon, with a sentence enhancement for inflicting great bodily injury during the commission of the offense. (Pen. Code, §§ 245, subd. (a)(1), 12022.7, subd. (a).)[1] On appeal, Brown claims the trial court violated the terms of her plea agreement by ordering her to pay over $34,000 in victim restitution for amounts paid by the California Victim Compensation and Government Claims Board (Victim Compensation Board) to the hospital that treated the assault victim. She seeks specific performance of her plea agreement and asks this court to limit the award of victim restitution to the victim's out-of-pocket expenses of $280.

Brown is not entitled to specific performance of a plea limiting the amount of victim restitution. Nevertheless, Brown must be afforded the opportunity to withdraw her plea because the trial court imposed a punishment more severe than that specified in her plea agreement. (§ 1192.5.) If she chooses not to withdraw her plea, on remand the trial court must consider whether compelling and extraordinary reasons justify awarding less than full victim restitution. (See § 1202.4, subd. (f).)

### FACTUAL AND PROCEDURAL BACKGROUND

On January 15, 2004, Cynthia Martin was waiting for her cousin outside a store in San Francisco when she saw Brown, her niece's godmother.[2] After a brief verbal exchange, Brown hit Martin in the face and a fight ensued. Brown stabbed Martin multiple times. When Martin yelled for help, two men pulled Brown away from Martin, and Brown fled. As a result of the stabbing, Martin underwent surgery and spent six days in the hospital.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] Because appellant pleaded guilty before trial, we take the facts from the preliminary hearing transcript.

On July 2, 2004, the San Francisco County District Attorney filed an information charging Brown with assault with a deadly weapon (§ 245, subd. (a)(1)) and attempted murder (§§ 187, 664). With respect to each count, the information contained allegations supporting sentence enhancements for the infliction of great bodily injury and the use of a weapon. (§§ 12022, subd. (b)(1), 12022.7, subd. (a), 1192.7, subd. (c)(8) & (23).)

At a change of plea hearing on May 17, 2005, defense counsel told the court he had informed Brown that the prosecutor was recommending the following disposition: "That [Brown] be sentenced to the midterm on the [assault count], the midterm in state prison of three years. [¶] As to the great bodily injury allegation, that [Brown] would be sentenced to an additional term of three years, making a total commitment to state prison of six years. [¶] In addition, [Brown] would pay $200.00 to the Victim[']s Indemnity Fund. [¶] [Brown] *would pay restitution for any out-of-pocket expenses, if any.*" (Italics added.) Defense counsel further explained that he had told Brown she would be ordered to pay certain other fees and fines and that she would be required to comply with section 296, which compels persons convicted of specified offenses to provide thumb and palm prints as well as blood and saliva samples. In exchange for her plea, the prosecutor agreed to dismiss the attempted murder count and the remaining sentence enhancement allegations. At the change of plea hearing, the prosecutor confirmed that defense counsel had accurately recounted the terms of the negotiated plea.

Brown pled guilty to one count of assault with a deadly weapon (§ 245, subd. (a)(1)) and admitted inflicting great bodily injury during the commission of the offense (§ 12022.7, subd. (a)). The court dismissed the remaining charge and allegations.

In a "Notice of Victim Compensation Claims" dated May 18, 2005, a restitution specialist indicated that the Victim Compensation Board had paid $34,394.50 to date on behalf of the victim. A copy of the notice was sent to the court, the prosecutor, and the defense. The probation officer's report dated June 14, 2005, stated that Brown "owe[d] $34,438.50 in restitution." The probation officer recommended that the court order victim restitution in that amount or in an amount to be determined by the court.

At the sentencing hearing on June 14, 2005, the trial court sentenced Brown to six years in state prison and imposed a restitution fine of $200 under section 1202.4, subdivision (b). The court also awarded Brown 462 days of presentence custody credit, ordered Brown to pay a $20 court security fee, required compliance with section 296, and imposed a $200 parole revocation fine, suspended unless parole were revoked. With regard to victim restitution, the trial court expressed its reluctance to order over $34,000 worth

of restitution without further inquiry into the components of the claim. When Brown's attorney was asked whether he was aware of the claim for victim restitution, he responded that the claim was not mentioned at the time of the plea and that his client had agreed to pay out-of-pocket expenses only. The court stated it "doesn't make any difference" whether anything was mentioned at the plea hearing and that it was required to order lawful restitution. The matter was set for a restitution hearing.

Brown filed a motion challenging the claim for victim restitution, arguing she was entitled to specific performance of her plea agreement or, in the alternative, to withdraw her plea. She claimed she agreed to pay the victim's actual out-of-pocket expenses of $280 and not over $34,000 in hospital and medical expenses paid by the Victim Compensation Board. Her attorney submitted a declaration in support of the motion in which he opined that Brown would not have agreed to the plea bargain if she had been advised that she would be required to pay for hospital services provided to the victim. Brown's counsel stated that the limitation on victim restitution to out-of-pocket expenses was specifically included in the plea bargain to ensure that Brown would maintain the ability to obtain services for her autistic child.

At the conclusion of the restitution hearing on September 20, 2005, the trial court ordered Brown to pay $34,438.87 to reimburse the Victim Compensation Board for medical expenses it had paid on the victim's behalf. A certification prepared by the Victim Compensation Board and submitted to the court supported the claim for restitution. The court denied Brown's motion to withdraw her plea or for specific performance of the agreement to pay the victim's out-of-pocket expenses, reasoning that victim restitution is mandatory and may not be defeated by a plea agreement between the parties. The court stayed the restitution order pending appeal. Brown filed a timely notice of appeal. She did not obtain a certificate of probable cause from the trial court.

## DISCUSSION

Brown requests that we modify the judgment to strike the restitution award of $34,438.87 and impose a victim restitution award of no more than $280, representing Martin's out-of-pocket costs. Brown does not seek to withdraw her plea. Nevertheless, we asked the parties to file supplemental briefs addressing whether there is any impediment preventing this court from allowing Brown to withdraw her plea on remand, to the extent specific performance is not an available remedy. We also requested that counsel address whether the matter should be remanded to permit the trial court to exercise its discretion to consider whether any compelling and extraordinary reasons justify an award of less than full victim restitution.

At the outset, we consider two potentially dispositive arguments raised by the People. First, they contend that Brown's claims should be dismissed, in part, because she failed to obtain a certificate of probable cause. Second, they assert there was no violation of the plea agreement because it did not specify that restitution would be limited to the *victim's* out-of-pocket expenses. We conclude these arguments lack merit.

## 1. *Failure to Obtain Certificate of Probable Cause*

██ If a defendant enters a guilty or no contest plea and fails to obtain a certificate of probable cause, the scope of an appeal is generally limited to challenging a motion to suppress evidence and raising grounds arising after entry of the plea that do not affect its validity. (Cal. Rules of Court, rule 8.304(b).) When a defendant raises a claim that a negotiated sentence is unconstitutional or that the trial court lacked authority to impose the negotiated sentence, the challenge is, in substance, an attack on the validity of the plea, requiring a certificate of probable cause. (See *People v. Shelton* (2006) 37 Cal.4th 759, 769–771 [37 Cal.Rptr.3d 354, 125 P.3d 290]; *People v. Panizzon* (1996) 13 Cal.4th 68, 79 [51 Cal.Rptr.2d 851, 913 P.2d 1061].)

██ The People argue that the appeal amounts to an attack on the validity of the plea. We disagree. Brown is not contending the negotiated plea is invalid in any respect, nor is she arguing the trial court lacked authority to impose the negotiated sentence. Rather, the grounds for her appeal arise from the trial court's failure to give effect to the terms of her plea. For purposes of determining whether a certificate of probable cause is required, it is immaterial that the plea Brown seeks to enforce may include terms determined to be invalid. (See *People v. Preciado* (1978) 78 Cal.App.3d 144, 147–149 [144 Cal.Rptr. 102] [no certificate of probable cause required when appeal based on trial court's failure to honor invalid plea bargain].) Accordingly, Brown was not required to obtain a certificate of probable cause.

## 2. *Scope of Plea Agreement*

The People's contention that Brown agreed to pay restitution for *any* out-of-pocket expenses, including those incurred by the Victim Compensation Board, appears at first blush to have some merit. In reciting the terms of the plea agreement, defense counsel specified that Brown agreed to pay restitution for "any" out-of-pocket expenses, without clarifying whether such costs were limited to those incurred by the victim.

Upon review of the record, however, it is apparent the parties intended to limit restitution to out-of-pocket expenses incurred by the victim. The limitation of restitution to out-of-pocket costs would have had little meaning

if intended to encompass all expenses that qualify for restitution no matter who incurred them.[3] Furthermore, neither the prosecutor nor the trial judge took the position that Brown had agreed to pay expenses incurred by anyone other than the victim. In a letter to the probation department reporting on the plea agreement, the prosecutor stated that Brown had "agreed to pay out-of-pocket restitution *to the victim* . . . ." (Italics added.) As for the trial court, it based its decision on the ground it was compelled by law to order full victim restitution. The decision was not premised on Brown's agreement to pay the Victim Compensation Board's expenses as part of her plea bargain. Accordingly, we do not agree with the People that the plea agreement can be fairly interpreted to include restitution for amounts paid on the victim's behalf by the Victim Compensation Board.[4]

### 3. *Violation of Plea Agreement*

Brown alleges the trial court violated the terms of her plea agreement by awarding victim restitution for amounts paid by the Victim Compensation Board to the hospital that treated the victim. Before we may consider available remedies, we must first address whether the deviation from the terms of the negotiated plea entitles Brown to any form of relief.

Section 1192.5 provides in relevant part that "[w]here the plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant . . . cannot be sentenced on the plea to a *punishment more severe than that specified in the plea* . . . ." (Italics added.) Thus, "[w]hen a guilty plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement. The punishment may not significantly exceed that which the parties agreed upon." (*People v. Walker* (1991) 54 Cal.3d 1013, 1024 [1 Cal.Rptr.2d 902, 819 P.2d 861] (*Walker*).) A sentence that imposes a punishment more severe than that specified in the plea bargain not only violates section 1192.5 but also implicates due process concerns and raises a constitutional right to some remedy. (*Walker, supra,* 54 Cal.3d at p. 1024.)

The relevant inquiry here is whether victim restitution constitutes "punishment." In addition, to the extent victim restitution is considered

---

[3] Brown's defense counsel stated in a declaration that the victim was known to be homeless at the time of the offense. In light of the victim's lack of financial resources, there was apparently a general understanding that the victim incurred limited out-of-pocket expenses as a consequence of the crime.

[4] The Victim Compensation Board pays claims with monies deposited into the Restitution Fund. (See Gov. Code, § 13950, subd. (b).) For purposes of this opinion, we intend no distinction between an amount described as paid by the Victim Compensation Board (which administers the claims process) and an amount described as paid by the Restitution Fund (from which claims are paid).

punishment that may not significantly exceed that contemplated in the plea agreement, we must consider whether any variance from the terms of the plea in this case is significant. Not every deviation from the terms of a plea agreement is constitutionally impermissible. (*Walker*, 54 Cal.3d at p. 1024.) "[T]he variance must be 'significant' in the context of the plea bargain as a whole to violate the defendant's rights. A punishment or related condition that is insignificant relative to the whole, such as a standard condition of probation, may be imposed whether or not it was part of the express negotiations." (*Ibid.*)

■ In *Walker*, our Supreme Court declared that the restitution *fine* (§ 1202.4, subd. (b)) constitutes "punishment" for purposes of determining whether there is a violation of the plea agreement when the sentencing court imposes a larger restitution fine than that specified in the plea agreement. (*Walker, supra*, 54 Cal.3d at p. 1024.) The court stated, "Although the purpose of a restitution fine is not punitive, we believe its consequences to the defendant are severe enough that it qualifies as punishment for this purpose." (*Ibid.*) Here we are dealing with *victim* restitution (§ 1202.4, subd. (f)), but the consequence to a defendant of an award of victim restitution is no different than the imposition of a restitution fine. From the defendant's perspective, it is immaterial whether a monetary component of the sentence is denominated a restitution fine or victim restitution. In either case, the effect on the defendant is the same. Therefore, if the restitution fine is considered punishment for purposes of section 1192.5, then victim restitution is likewise considered punishment for purposes of that section.

We are aware of no reported cases addressing whether victim restitution constitutes punishment under circumstances similar to those presented here. However, in several published cases appellate courts have considered whether victim restitution constitutes punishment in different contexts. In *People v. Harvest* (2000) 84 Cal.App.4th 641, 650 [101 Cal.Rptr.2d 135], the appellate court held that, for double jeopardy purposes, victim restitution does not constitute punishment. The same does not hold true here, however, because the considerations underlying section 1192.5 are different from those relating to double jeopardy. Whereas it is relevant for purposes of a double jeopardy analysis whether victim restitution primarily serves a compensatory rather than a punitive function (see *People v. Harvest, supra*, 84 Cal.App.4th at p. 649), this distinction has little bearing on the analysis under section 1192.5. A substantial award of victim restitution has the same effect on a defendant as a substantial restitution fine. It is irrelevant that one may have a punitive purpose and the other may have a compensatory purpose. From the defendant's viewpoint, the effect of a substantial award of victim restitution is punitive, and it is not unreasonable to expect that a defendant may be induced

to enter into a plea based upon a promise that victim restitution, which could be substantial, will be limited to a nominal amount.[5]

In *People v. Campbell* (1994) 21 Cal.App.4th 825, 829–830 [26 Cal.Rptr.2d 433], the court held that victim restitution of $4,560 ordered as a condition of probation did not violate a plea agreement that was silent concerning victim restitution. The court concluded that, unlike the restitution fine in *Walker*, the victim restitution order was not a penal consequence but was instead a standard condition of probation. (*Id.* at p. 829.) Notably, in *Walker* the court observed that a punishment insignificant relative to the whole, "such as a standard condition of probation," may be imposed without violating a plea agreement. (*Walker, supra*, 54 Cal.3d at p. 1024.) Here, unlike in *People v. Campbell*, victim restitution was not ordered as a condition of probation. More importantly, here there was a specific agreement limiting the amount of victim restitution, whereas in *People v. Campbell* the agreement was silent concerning victim restitution. The crux of the defendant's complaint in *People v. Campbell* was that the trial court had failed to advise him that victim restitution might be ordered as a term of probation. (*People v. Campbell, supra*, 21 Cal.App.4th at p. 829.) As the court in *Walker* made clear, the analysis of a claim alleging a failure to advise a defendant about the consequences of a plea is quite different from the analysis of a claim alleging a violation of the plea bargain. (*Walker, supra*, 54 Cal.3d at pp. 1022–1026.) Among other things, a "failure to advise" claim is typically subject to a harmless error analysis whereas a claimed violation of the plea bargain is not. (*Id.* at pp. 1023, 1026.) Thus, for a variety of reasons, *People v. Campbell* does not support the general proposition that a trial court may order victim restitution in an amount exceeding that agreed upon by the parties without violating the plea agreement.[6]

We next turn to the question of whether the victim restitution order was a significant deviation from the terms of the plea agreement. In *Walker*, the court found that a $5,000 restitution fine was a significant deviation from the

---

[5] As we explain below, victim restitution is not a proper subject of plea negotiations. Nevertheless, even though a plea limiting victim restitution is invalid, we must still consider whether an award of victim restitution exceeding an (improper) limit agreed upon in the plea constitutes punishment more severe than that specified in the plea.

[6] For similar reasons, the decision in *People v. Rowland* (1997) 51 Cal.App.4th 1745 [60 Cal.Rptr.2d 351], does not establish that a court may order victim restitution in an amount exceeding that agreed upon by the parties. In that case, as in *People v. Campbell*, the plea agreement was silent concerning victim restitution. The defendant's complaint was that he was not advised at the time he entered his plea he would be required to pay victim restitution. (*People v. Rowland, supra*, 51 Cal.App.4th at p. 1752.) The appellate court upheld the trial court's finding that the defendant suffered no prejudice as a consequence of the failure to advise the defendant about the consequences of his plea. (*Id.* at p. 1753.) Here, by contrast, Brown's claim is not subject to harmless error analysis because it concerns the violation of an express term of the plea bargain. (See *Walker, supra*, 54 Cal.3d at p. 1026.)

negotiated terms of an agreement that omitted any mention of a restitution fine. (*Walker, supra*, 54 Cal.3d at pp. 1029–1030.) Plainly, a victim restitution order in excess of $34,000 is a significant deviation from agreed-upon victim restitution of roughly $280.

■ We conclude the order awarding $34,438.87 in victim restitution was a violation of the plea bargain, entitling Brown to relief. The order imposed a punishment more severe than that agreed to in the plea, and the deviation from the plea was significant. It is irrelevant that Brown may have been willing to accept the plea agreement even if it contained no limitation on victim restitution. "A violation of a plea bargain is not subject to harmless error analysis. A court may not impose punishment significantly greater than that bargained for by finding the defendant would have agreed to the greater punishment had it been made a part of the plea offer." (*Walker, supra*, 54 Cal.3d at p. 1026.)

4. *Appropriate Remedy—Specific Performance versus Withdrawal of the Plea*

■ "The remedy for violation of a plea agreement depends on the circumstances of each case. [Citation.] The typical remedy is to allow the defendant to withdraw his or her guilty plea and go to trial on the original charges. [Citation.]" (*People v. Renfro* (2004) 125 Cal.App.4th 223, 233 [22 Cal.Rptr.3d 680].) Under the circumstances presented here, Brown should have been allowed to withdraw her plea. Her counsel made a timely request to withdraw the plea, arguing that an order awarding victim restitution of over $34,000 constituted a "major change in the plea agreement." The trial court erred in denying the motion. At a minimum, Brown should be permitted to withdraw her plea when this matter is remanded to the trial court. She eschews this remedy, however, arguing she is entitled to specific performance of her plea. As explained below, this remedy is unavailable to her.

"Under certain circumstances, specific performance of the agreement is warranted, but it is not a favored remedy for violation of a plea bargain. [Citation.] And, specific enforcement of a plea bargain is not a remedy required by the federal Constitution. [Citation.]" (*People v. Renfro, supra*, 125 Cal.App.4th at p. 233.) Moreover, specific performance is not an available remedy when the negotiated sentence is invalid or unauthorized. (See *People v. Jackson* (1981) 121 Cal.App.3d 862, 869 [176 Cal.Rptr. 166].) Thus, for example, when a plea agreement is silent concerning a defendant's term of parole for a second degree murder conviction, the sentencing court is nevertheless required to impose a parole term, which is mandatory and may not be the subject of plea negotiations. (*In re Moser* (1993) 6 Cal.4th 342, 357 [24 Cal.Rptr.2d 723, 862 P.2d 723].) Likewise, a court may not specifically

enforce a plea agreement preventing use of a defendant's conviction as a qualifying offense for a mentally disordered offender commitment, because application of the law relating to mentally disordered offenders is mandatory and may not be bargained away as part of a negotiated plea. (*People v. Renfro, supra*, 125 Cal.App.4th at p. 231.) Therefore, we must address whether victim restitution is a proper subject of plea negotiations in order to determine whether a negotiated plea limiting such restitution is enforceable.

 Victim restitution is mandated by the California Constitution, which provides in relevant part that "[r]estitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary." (Cal. Const., art. I, § 28, subd. (b).) Subdivision (f) of section 1202.4 implements the constitutional directive to require restitution for crime victims. A court must order "full restitution unless it finds compelling and extraordinary reasons for not doing so, and states them on the record." (§ 1202.4, subd. (f).) To the extent a victim has received financial assistance from the Restitution Fund through the Victim Compensation Board, restitution in an amount equal to the assistance provided by the Victim Compensation Board must be deposited to the Restitution Fund. (§ 1202.4, subd. (f)(2).) "If, as a result of the defendant's conduct, the Restitution Fund has provided assistance to *or on behalf of* a victim . . . , the amount of assistance provided shall be presumed to be a direct result of the defendant's criminal conduct and shall be included in the amount of the restitution ordered." (§ 1202.4, subd. (f)(4)(A), italics added.) Thus, the statute mandates a victim restitution award regardless of whether the restitution is paid directly to a victim or to the Restitution Fund to the extent it incurred expenses on behalf of the victim. (§ 1202.4, subd. (f).)

 A sentence without an award of victim restitution is invalid.[7] (*People v. Bernal* (2002) 101 Cal.App.4th 155, 164–165 [123 Cal.Rptr.2d 622]; *People v. Rowland, supra*, 51 Cal.App.4th at p. 1751.) A trial court has no discretion over the issuance of the award itself (*People v. Rowland, supra*, 51 Cal.App.4th at pp. 1751–1752) and "really very little discretion" over the amount of the award (*id.* at pp. 1751, 1754). "The statute requires the award be set in an amount which will fully reimburse the victim for his or her losses unless there are clear and compelling reasons not to do so." (*Id.* at p. 1754.) A court's reasons for awarding less than full restitution must be stated on the record. (§ 1202.4, subd. (f).) Thus, just as a sentence lacking a victim

---

[7] When a sentence is invalid due to the omission of a restitution order or fine without a finding of compelling and extraordinary reasons, a victim, the district attorney, or the court on its own motion may at any time request correction of the sentence to include a proper restitution award. (See § 1202.46.)

restitution award is invalid, a sentence awarding less than full victim restitution is similarly unauthorized when the court fails to state clear and compelling reasons for its decision. (See *People v. Bernal, supra,* 101 Cal.App.4th at p. 165.)

██ Victim restitution may not be bargained away by the People. "The Legislature left no discretion or authority with the trial court or the prosecution to bargain away the victim's constitutional and statutory right to restitution. As such, it cannot properly be the subject of plea negotiations." (*People v. Valdez* (1994) 24 Cal.App.4th 1194, 1203 [30 Cal.Rptr.2d 4].)

Accordingly, a negotiated plea may not be specifically enforced to the extent it directs the sentencing court to order less than full victim restitution unless the record contains a statement of extraordinary and compelling reasons for the limitation. The record here contains no such reasons. Brown contends that compelling and extraordinary reasons exist, arguing that imposing a restitution amount other than that contemplated by the plea agreement would denigrate the integrity of the justice system. The argument fails. Obviously, a court may not rely on a plea bargain as the justification for awarding less than full victim restitution when the issue may not properly be the subject of plea negotiations. Brown also contends "it appears" the prosecution was aware of the full amount of claimed restitution at the time Brown entered her guilty plea, casting doubt on the prosecutor's integrity for not disclosing the full extent of restitution until after the change of plea. There is little or no evidentiary support for Brown's claim,[8] but in any event it is irrelevant whether the prosecutor was aware of the full amount of claimed restitution at the change of plea hearing. The prosecutor had no authority to agree to less than full victim restitution regardless of the state of the prosecutor's knowledge. Moreover, prosecutorial misrepresentation does not justify enforcing an unauthorized sentence.

Brown relies heavily on *Walker, supra,* 54 Cal.3d 1013, for the proposition that the plea bargain should be honored. *Walker* is inapposite, primarily because the case addresses the restitution *fine* mandated under subdivision (b) of section 1202.4 rather than *victim* restitution required under subdivision (f) of that same section. In *Walker,* the defendant pled guilty to a felony pursuant to a plea bargain. The court advised the defendant that the maximum penalty

---

[8] The May 18, 2005, restitution claim notice indicates that the "next court date" was May 13, 2005. Brown argues that the listing of the "next court date" suggests the notice was prepared by the prosecutor's office before Brown's change of plea hearing on May 17, 2005. However, aside from the reference on the notice to May 13, 2005, which was the date set for trial, there is nothing in the record indicating the notice was prepared, distributed, or known to the prosecutor before May 18, 2005.

for the offense was seven years in prison "and a fine of up to $10,000."[9] (*Walker, supra,* 54 Cal.3d at p. 1019.) The court failed to advise the defendant he was subject to a mandatory restitution fine of between $100 and $10,000. At sentencing, the court imposed a five-year sentence and a $5,000 restitution fine, although the plea agreement did not specify such a fine. The defendant did not object at sentencing but contended on appeal the fine should be stricken because it was not part of the plea bargain. (*Ibid.*)

Our Supreme Court noted that the sentencing court should have advised the defendant there was a "possible $10,000 penalty fine *and* a mandatory restitution fine of between $100 and $10,000." (*Walker, supra,* 54 Cal.3d at p. 1029.) It held that the court's failure to advise the defendant of the restitution fine as a consequence of the plea was harmless because the issue was waived by the defendant and no prejudice was shown. (*Ibid.*) However, the court also held that imposition of the restitution fine violated the plea bargain because it constituted a significant deviation from the negotiated terms of the plea. (*Ibid.*) And, because the court did not give the defendant a section 1192.5 admonition concerning his right to withdraw the plea, the violation was not subject to a harmless error analysis. (54 Cal.3d at pp. 1025–1026, 1029–1030.) With regard to the appropriate remedy, the court observed that striking the fine altogether would violate the statutory mandate requiring a restitution fine unless the sentencing court finds " 'compelling and extraordinary reasons' " for waiving its imposition. (*Id.* at p. 1027.) No such reasons were found or stated by the trial court. (*Ibid.*) The proper remedy for the violation fell between the extremes of specific performance (striking the fine altogether) and voiding the guilty plea. The court ultimately chose a remedy described as "substantial specific performance," or reducing the fine to its statutory minimum of $100.[10] "Unlike striking the fine entirely, such a reduction would not violate the mandatory nature of the fine." (54 Cal.3d at p. 1027.)

Because the restitution fine differs from victim restitution, *Walker* is not dispositive here. Whereas a sentencing court has no discretion to award less than full victim restitution absent a statement of compelling and extraordinary reasons (§ 1202.4, subd. (f)), it possesses discretion to set the restitution fine in an amount "commensurate with the seriousness of the offense" at any amount between the statutory minimum of $200 and the statutory maximum of $10,000 (§ 1202.4, subd. (b)(1)). The court need only state on the record "compelling and extraordinary" reasons for its decision concerning the

---

[9] The court in *Walker* explained that a person convicted of a felony faces two different kinds of fines—a penal fine that the sentencing court "may" impose and a restitution fine that the sentencing court "shall" impose. (*Walker, supra,* 54 Cal.3d at p. 1019.)

[10] Currently, the minimum restitution fine associated with a felony conviction is $200 (§ 1202.4, subd. (b)(1)), which is what the trial court ordered in this case.

restitution fine if it waives the fine altogether. (§ 1202.4, subd. (c).) The discretion available to the court in setting the restitution fine and its lack of discretion in setting victim restitution explains why the amount of the restitution fine (between the statutory minimum and maximum) is an appropriate issue for plea negotiations but the amount of victim restitution is not. (Compare *Walker, supra*, 54 Cal.3d at p. 1030 ["[c]ourts and the parties should take care to consider restitution fines during the plea negotiations"] with *People v. Valdez, supra*, 24 Cal.App.4th at p. 1203 [victim restitution "cannot properly be the subject of plea negotiations"].)

The court in *Walker* was able to effect substantial specific performance of the plea bargain because such an outcome—reducing the restitution fine to the statutory minimum—was within the sentencing court's discretion. By contrast, it was not within the sentencing court's discretion here to award less than full victim restitution without a statement of extraordinary and compelling reasons for the limitation. Therefore, specific performance of the plea is not a remedy available to Brown.

5. *Failure to Exercise Sentencing Discretion*

Brown contends that, if she chooses not to withdraw her plea on remand, the trial court should nevertheless be directed to exercise its discretion to consider whether compelling and extraordinary reasons justify an award of less than full victim restitution. She argues that the record establishes the trial court did not consider whether there were facts demonstrating compelling and extraordinary reasons that would justify a reduced award.

 Generally, when the record shows that the trial court proceeded with sentencing on the erroneous assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing. (See *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 530, fn. 13 [53 Cal.Rptr.2d 789, 917 P.2d 628]; *People v. Myers* (1983) 148 Cal.App.3d 699, 704 [196 Cal.Rptr. 234].) Defendants are entitled to "sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court," and a court that is unaware of its discretionary authority cannot exercise its informed discretion. (*People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8 [193 Cal.Rptr. 882, 667 P.2d 686].)

Remand for resentencing is not required, however, if the record demonstrates the trial court was aware of its sentencing discretion. (*People v.*

*Belmontes, supra,* 34 Cal.3d at p. 348, fn. 8; *People v. White Eagle* (1996) 48 Cal.App.4th 1511, 1523 [56 Cal.Rptr.2d 749].) Further, remand is unnecessary if the record is silent concerning whether the trial court misunderstood its sentencing discretion. Error may not be presumed from a silent record. (*People v. White Eagle, supra,* 48 Cal.App.4th at p. 1523.) " '[A] trial court is presumed to have been aware of and followed the applicable law.' [Citations.]" (*People v. Martinez* (1998) 65 Cal.App.4th 1511, 1517 [77 Cal.Rptr.2d 492].)

Here, the record discloses that the trial court believed it had no discretion to award less than full victim restitution. Although Brown's trial counsel urged that there were compelling and extraordinary reasons for a reduced victim restitution order, the trial court responded by stating that the failure to order the restitution claimed by the Victim Compensation Board would violate section 1202.4. The trial court further stated that "the order that the Court makes is mandatory . . . ." While an award of victim restitution is mandatory, the court has limited discretion to award less than full victim restitution, provided it states compelling and extraordinary reasons on the record for a reduced award. (§ 1202.4, subd. (f).) The court's statements reveal it considered the amount of victim restitution to be mandatory.

Accordingly, on remand the trial court shall consider whether compelling and extraordinary reasons justify a reduced victim restitution award. In exercising the limited discretion afforded by section 1202.4, subdivision (f), the trial court may not rely on the parties' plea agreement as a "compelling and extraordinary" reason justifying a reduced victim restitution award. However, the trial court may consider whether such reasons exist apart from the plea bargain.

DISPOSITION

The judgment is reversed and the matter is remanded to the trial court. If Brown moves to withdraw her plea within 30 days of issuance of the remittitur by this court, the trial court is directed to vacate the guilty plea. In that event, on motion of the People, the original charges shall be reinstated and trial or other appropriate disposition shall proceed. If Brown does not elect to withdraw her plea of guilty within the specified time, the trial court shall proceed to exercise its discretion under subdivision (f) of section 1202.4 and consider whether compelling and extraordinary reasons justify awarding

less than full victim restitution. In that event, the trial court shall reinstate the judgment, subject to any modification of the victim restitution award that may be justified by compelling and extraordinary circumstances stated on the record.

Parrilli, J., and Pollak, J., concurred.

A petition for a rehearing was denied March 13, 2007.