Filed 8/4/14  P. v. Corelleone CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>ACHILLES CORELLEONE,<br><br>        Defendant and Appellant. | B247857<br><br>(Los Angeles County<br>Super. Ct. No. KA088493) |

APPEAL from an order of the Superior Court of Los Angeles County. Mike Camacho, Judge.  Affirmed.

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Margaret E. Maxwell and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Achilles Corelleone appeals from a February 28, 2013 order requiring him to pay victim restitution. Defendant pleaded "no contest" on February 3, 2010, to three counts of violating Penal Code section 288a, subdivision (b)(2)[1] and one count of violating section 286, subdivision (b)(2). He was sentenced to a total term of imprisonment of five years.

Defendant appeals on the grounds that: (1) the failure of the district attorney to object at sentencing when the trial court failed to order restitution or retain jurisdiction to order restitution barred the People from later obtaining a restitution order; (2) the sentencing court lost jurisdiction to modify the sentence when defendant began serving his prison term; (3) the People were equitably stopped from obtaining restitution after an undue delay; and (4) ordering restitution constituted a violation of the plea agreement.

## FACTUAL AND PROCEDURAL HISTORY

The facts surrounding defendant's offenses are not relevant to the instant case. The record shows that on October 29, 2012, the California Victim Compensation & Government Claims Board (Board) sent the deputy district attorney a request for restitution. Restitution was requested in the amount of $8,945.81 plus 10 percent interest from the date of sentencing for mental health expenses. The request was accompanied by a compilation of bills submitted to and paid by the Board on behalf of the claimants, i.e., the victim of defendant's crimes and the victim's parents. The superior court ordered defendant removed from prison to appear for a restitution hearing, but defendant had been paroled. Defendant was ordered to appear for a hearing on February 6, 2013.

Defendant filed a motion to dismiss the restitution request. He argued that he had agreed to pay only $200 restitution, he was not advised further restitution could be sought, the request was a violation of the plea agreement, the court no longer had jurisdiction, the statute of limitations had passed, the People waived any right to file for

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

further restitution, the request constituted harassment, the victim's family had a history of litigiousness, and his original case was before the Ninth Circuit Court of Appeals.

At the restitution hearing, the court heard argument from the People and defendant. The court ultimately ruled that victim restitution was mandatory unless the court found extraordinary circumstances, which the court could not consider in defendant's case. The Board was entitled to reimbursement, and the amount appeared to be appropriate based on the documentation presented. The trial court ordered defendant to pay restitution in the requested amount.

Defendant filed a notice of appeal stating he challenged the validity of the plea and had other bases for the appeal. The court denied his request for a certificate of probable cause.

## DISCUSSION

### I. District Attorney's Failure to Object

#### A. Defendant's Argument

Defendant contends that, because the deputy district attorney failed to object to the trial court's omission of a restitution order, the People's late request for restitution should have been barred.

#### B. Relevant Authority

Section 1202.4, subdivision (f) provides in pertinent part as follows: ". . . in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court. The court shall order full restitution unless it finds compelling and extraordinary reasons for not doing so, and states them on the record. . . . [¶] (1) The defendant has the right to a hearing before a judge to dispute the determination of the amount of restitution. The court may modify the amount, on its own motion or on the motion of the district attorney, the victim or victims, or the defendant.

3

If a motion is made for modification of a restitution order, the victim shall be notified of that motion at least 10 days prior to the proceeding held to decide the motion. [¶] . . . [¶] (3) To the extent possible, the restitution order shall be prepared by the sentencing court, shall identify each victim and each loss to which it pertains, and shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct, including, but not limited to, all of the following: [¶] . . . [¶] (C) Mental health counseling expenses. [¶] . . . [¶] (G) Interest, at the rate of 10 percent per annum, that accrues as of the date of sentencing or loss, as determined by the court. . . . [¶] . . . [¶] (4)(A) If, as a result of the defendant's conduct, the Restitution Fund has provided assistance to or on behalf of a victim or derivative victim . . . the amount of assistance provided shall be presumed to be a direct result of the defendant's criminal conduct and shall be included in the amount of the restitution ordered."

Section 1202.4 further provides in pertinent part: "(g) The court shall order full restitution unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record. . . . [¶] . . . [¶] (k) For purposes of this section, 'victim' shall include all of the following: [¶] . . . [¶] (3) A person who has sustained economic loss as the result of a crime and who satisfies any of the following conditions: [¶] (A) At the time of the crime was the parent, . . . of the victim."

Section 1202.46 provides: "Notwithstanding Section 1170, when the economic losses of a victim cannot be ascertained at the time of sentencing pursuant to subdivision (f) of Section 1202.4, the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined. Nothing in this section shall be construed as prohibiting a victim, the district attorney, or a court on its own motion from requesting correction, at any time, of a sentence when the sentence is invalid due to the omission of a restitution order or fine without a finding of compelling and extraordinary reasons pursuant to Section 1202.4."

4

### C. *Proceedings Below*

The record of defendant's sentencing shows that he was ordered to pay a restitution fine pursuant to section 1204.4, subdivision (b) in the amount of $200.00. A parole restitution fine in the same amount was imposed under section 1202.45, subdivision (a).

Prior to taking the plea, the court stated it was willing to approve the plea with the understanding that defendant was willing to give up his constitutional rights and that he understood all of the consequences associated with the plea. These were all explained on the plea form. Defendant confirmed that his initials conveyed that he had reviewed the contents of the plea form and fully understood the consequences of his plea. No mention of victim restitution was mentioned by the court, the prosecutor, or the defense.

The plea form states in pertinent part item No. 2C: "I understand that the Court will order me to pay between $200 and $10,000 to the Victim Restitution Fund, and if appropriate, pay actual restitution to any victim."

### D. *Analysis*

A sentence that omits a restitution order is invalid. (See *People v. Brown* (2007) 147 Cal.App.4th 1213, 1225-1226 (*Brown*).) In *People v. Moreno* (2003) 108 Cal.App.4th 1, 10 (*Moreno*), the court held that, when a sentence is invalid due to the lack of a restitution order or a finding that there were compelling and extraordinary reasons for not ordering restitution, the "court is not barred from correcting the invalid sentence simply because the prosecutor failed to object when it was imposed."

The issue in *Moreno* was whether the trial court may order a defendant to reimburse the state for restitution payments to the victim's family after a criminal judgment was entered and affirmed on appeal. (*Moreno*, *supra*, 108 Cal.App.4th at p. 3.) The original sentence made no provision for "direct restitution." (*Ibid.*) The court concluded that the court may order such restitution based on section 1202.46. (*Moreno*, at p. 3.) Like defendant here, Moreno was serving his prison sentence when the state first requested reimbursement. (*Ibid.*) Also, as in defendant's case, the trial court did not mention victim restitution at sentencing despite the requirement to make provision for

5

such restitution. (*Id.* at p. 4.) The court did not retain jurisdiction to make a restitution order in the future, nor did it find there were compelling reasons for not ordering full restitution. (*Ibid.*)

We agree with *Moreno*. Under section 1202.46, the People may request correction of the sentence to include a restitution award at *any tim*e if the sentence is invalid due to the omission of a restitution order without a finding of compelling and extraordinary reasons. (*Moreno*, *supra*, 108 Cal.App.4th at p. 10; *Brown*, *supra*, 147 Cal.App.4th at p. 1225, fn. 7.) The victim may also request restitution, or the trial court can act on its own motion. "An invalid or unauthorized sentence is subject to correction whenever it comes to the court's attention. [Citations.]" (*Moreno*, at p. 10.)

The holding of *People v. Tillman* (2000) 22 Cal.4th 300, on which defendant relies, is inapposite. *Tillman* determined that the People forfeited the right to seek the imposition of a restitution fine, which is paid into a state fund, by failing to timely raise the issue in the trial court. (See *id.* at p. 303.) This holding is not dispositive when the issue is whether the trial court's failure to make a *mandatory* restitution award to the victim renders the original sentence invalid. Likewise, we do not read *Tillman* as indicating that the People's failure to raise the victim restitution issue at the sentencing hearing forfeits the victim's constitutional and statutory rights to restitution.

There was no forfeiture by the People in defendant's case.

## II. Trial Court's Jurisdiction

### A. Defendant's Argument

Defendant contends the sentencing court lost jurisdiction when defendant began serving his prison sentence. He asserts that none of the exceptions applied to his case. Defendant cites the following exceptions to the rule that the trial court loses jurisdiction when a defendant begins serving a prison sentence: (1) the trial court may recall the sentence on its own motion within 120 days; (2) a trial court may correct a clerical error, but not a judicial error, at any time; and (3) an unauthorized sentence may be corrected at any time.

6

### B. Analysis

Once again, *Moreno* is dispositive. The *Moreno* court held that, "*notwithstanding a trial court's failure to retain jurisdiction* [italics added] to impose or modify a restitution order, the second part of section 1202.46 permits the prosecutor, *at any time*, to request correction of a sentence that is *invalid* because . . . the court at the initial sentencing had neither ordered restitution nor found 'compelling and extraordinary reasons' for ordering less than full restitution." (*Moreno*, *supra*, 108 Cal.App.4th at p. 10.) The court also concluded that section 1202.46 was not limited to circumstances in which the loss could not be ascertained at sentencing. (*Moreno*, at p. 10.) It pointed out that there is no provision for an "'ascertainability'" determination. Also, the second part of section 1202.46 contained language indicating it is not limited by the first sentence. (*Moreno*, at p. 10.)

In the instant case, the trial court did not find "compelling and extraordinary reasons" for not ordering victim restitution. Therefore, there was no jurisdictional bar to correcting defendant's sentence to include such restitution, since failure to impose restitution resulted in an invalid sentence. The language indicating that the trial court "shall retain jurisdiction" is unqualified and there is therefore no need for the trial court to formally retain jurisdiction on the record. Accordingly, section 1202.46 authorizes the delayed entry of a victim restitution order in defendant's case.

## III. Estoppel

### A. Defendant's Argument

Defendant argues that it was a violation of due process to permit the People to correct their error after several years of delay. Defendant asserts that he "justly feels unfairly treated and frustrated in his desire to move on." As a party to the agreement in this case, the People must be equitably estopped from obtaining the late restitution order.

### B. Relevant Authority

"'The scope of a criminal defendant's due process rights at a hearing to determine the amount of restitution is very limited: "'A defendant's due process rights are protected when [he or she has] notice of the amount of the restitution claimed . . . , and . . . has an

7

opportunity to challenge the figures . . . at the sentencing hearing.'" [Citations.]' [Citations.]" (*People v. Prosser* (2007) 157 Cal.App.4th 682, 692; see also *People v. Thygesen* (1999) 69 Cal.App.4th 988, 993; *People v. Cain* (2000) 82 Cal.App.4th 81, 86.)

Equitable estoppel "may apply against a governmental body [citation], but only "'in unusual instances when necessary to avoid grave injustice and when the result will not defeat a strong public policy.'" [Citations.]" (*People v. Castillo* (2010) 49 Cal.4th 145, 156, fn. 12.) "'Generally speaking, four elements must be present . . . : (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury.' [Citations.]" (*Robinson v. Fair Employment & Housing Com.* (1992) 2 Cal.4th 226, 244-245.) """The doctrine of equitable estoppel is founded on concepts of equity and fair dealing. It provides that a person may not deny the existence of a state of facts if he intentionally led another to believe a particular circumstance to be true and to rely upon such belief to his detriment."'"" (*People v. Castillo*, *supra*, 49 Cal.4th at p. 155, fn. 10.)

"[A]lthough estoppel may be applied against the government when justice and right require it, the doctrine is inapplicable if it would result in the nullification of a strong rule of policy adopted for the benefit of the public." (*Strong v. County of Santa Cruz* (1975) 15 Cal.3d 720, 725, citing *City of Long Beach v. Mansell* (1970) 3 Cal.3d 462, 493.)

### C. Analysis

As noted, a defendant's due process rights relating to the imposition of a restitution award are satisfied if he is given notice of the amount of restitution sought and a hearing at which he has an opportunity to challenge the request. (*People v. Thygesen*, *supra*, 69 Cal.App.4th 988, 993.) Here, defendant received notice of the amount sought and had the opportunity to be heard on the issue at the February 28, 2013 hearing, and he did not claim otherwise in those proceedings.

8

We need not discuss whether the elements of an estoppel are established in this case, since the doctrine cannot be applied against a governmental entity when to do so would defeat the effective operation of a policy adopted by the Legislature to protect the public. (*Strong v. County of Santa Cruz*, *supra*, 15 Cal.3d at p. 725; *City of Long Beach v. Mansell*, *supra*, 3 Cal.3d at p. 493.) "California has adopted a comprehensive constitutional and legislative scheme for providing restitution for crime victims. Article I, section 28 of the California Constitution provides, 'It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer.' This right has been recognized statutorily as well. (§ 1202.4, subd. (a)(1).) In addition to direct restitution payments to the victim from the offender, the Legislature has over time, beginning first in 1965, developed a statutory scheme providing for indemnity for crime victims by the State Board of Control. [Citations.] The statutory scheme providing for the operation of the Restitution Fund is extensive and wide-ranging." (*People v. Hong* (1998) 64 Cal.App.4th 1071, 1078.)

We find no basis to apply the estoppel doctrine to the People's request for a restitution order. There is undeniably a "strong public policy seeking to provide crime victims with direct restitution for all the 'losses they suffer' (Cal. Const., art. I, § 28, subd. (b)[(13)(A)])." (*People v. Fulton* (2003) 109 Cal.App.4th 876, 885.) "In examining the restitution statute, '[t]he intent of the voters is plain: every victim who suffers a loss shall have the right to restitution from those convicted of the crime giving rise to that loss." [Citation.]" (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1046.) The legislative intent is to ensure that victims are made whole. (*People v. Bernal* (2002) 101 Cal.App.4th 155, 168.)

Given the strong public policy in favor of full victim restitution, defendant's estoppel argument against the People is without merit, and he suffered no violation of due process.

9

## IV. Restitution and Plea Agreement

### A. Defendant's Argument

Defendant asserts that, since the restitution order was not included in the parties' plea agreement, it constitutes a violation of that agreement, and he is entitled to performance of his bargain. He argues that the only effective remedy would be to strike the restitution order as not having been a term of the bargain.

### B. Relevant Authority

Due process requires that, when a guilty plea is entered in exchange for an agreed punishment, both parties must abide by the terms of the agreement and "[t]he punishment may not significantly exceed that which the parties agreed upon." (*People v. Walker* (1991) 54 Cal.3d 1013, 1024 (*Walker*), disapproved on another point in *People v. Villalobos* (2012) 54 Cal.4th 177, 183.)

### C. Analysis

The fact that the prosecutor did not mention a possible restitution award at the plea-bargaining or sentencing stages did not result in forfeiture of victim restitution in this case. "Victim restitution may not be bargained away by the People. 'The Legislature left no discretion or authority with the trial court or the prosecution to bargain away the victim's constitutional and statutory right to restitution. As such, it cannot properly be the subject of plea negotiations.' [Citations.]" (*Brown*, *supra*, 147 Cal.App.4th at p. 1226.) *Brown* distinguished *Walker*, cited by defendant, thusly: "The discretion available to the court in setting the restitution fine and its lack of discretion in setting victim restitution explains why the amount of the restitution fine (between the statutory minimum and maximum) is an appropriate issue for plea negotiations but the amount of victim restitution is not. (Compare *Walker*, *supra*, 54 Cal.3d at p. 1030 ['[c]ourts and the parties should take care to consider restitution fines during the plea negotiations'] with *People v. Valdez* [1994] 24 Cal.App.4th [1194] at p. 1203 [victim restitution 'cannot properly be the subject of plea negotiations'].) [¶] The court in *Walker* was able to effect substantial specific performance of the plea bargain because such an outcome—reducing the restitution fine to the statutory minimum—was within

the sentencing court's discretion.  By contrast, it was not within the sentencing court's discretion here to award less than full victim restitution without a statement of extraordinary and compelling reasons for the limitation.  Therefore, specific performance of the plea is not a remedy available to Brown." (*Brown*, *supra*, 147 Cal.App.4th at p. 1228.)

Likewise, defendant's request that we strike the victim restitution order because it violated his plea agreement must be rejected.

## DISPOSITION

The order appealed from is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


BOREN, P.J.

We concur:


CHAVEZ, J.


FERNS, J.*

_____

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.