Filed 1/22/24  P. v. Nicholson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C097850 |
| Plaintiff and Respondent, | (Super. Ct. Nos. SF127084B, STKCRFE20140005067) |
| v. | |
| KYREN NICODEMUS NICHOLSON, | |
| Defendant and Appellant. | |

Defendant Kyren Nicodemus Nicholson appeals from the trial court's order declining to dismiss an enhancement pursuant to Penal Code[1] section 1385.  Among other things, defendant contends the trial court erred by concluding that the enhancement's application could not result in a sentence of over 20 years.  We agree.  Because the record does not establish that the court would have reached the same conclusion but for this error, we will vacate the sentence and remand for resentencing.

## I.  BACKGROUND

As relevant here, in 2016, a jury found defendant guilty of second degree murder (§ 187, subd. (a)) and found true that he personally and intentionally discharged a firearm

---

[1]  Undesignated statutory references are to the Penal Code.

1

causing death (§ 12022.53, subd. (d)). The trial court sentenced defendant to 15 years to life for the second degree murder conviction and 25 years to life for the firearm enhancement. Defendant appealed and this court remanded the matter for the trial court to consider whether to strike the firearm enhancement under Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682, § 2, eff. Jan. 1, 2018; § 12022.53, subd. (h)). (See *People v. Nicholson* (Feb. 2, 2021, C083498) [nonpub. opn.].)

On remand, the trial court declined to strike the firearm enhancement. The court explained: "Based on the facts that I read, I find that the action was cold-blooded, callous and I understand that the thought was he was 19 at the time, and I understand the law talks about under 26 years of age, but this was a murder. [¶] . . . [¶] But based on the facts as I read them, and it was just the one crime of second degree murder and then the one enhancement of the 12022.53, subsection (d) and [the prosecutor] pointing out that with regard to, I guess it was SB 81, this is not a case where the enhancement took the matter over 20 years. [¶] It was an indeterminate sentence, and I am not going to exercise my discretion to change the sentence at all. I do not believe that that would be in the interest of justice."

Defendant filed a timely notice of appeal.

## II. DISCUSSION

Defendant argues the trial court erred by: (1) declining to dismiss the firearm enhancement without finding that doing so would "endanger public safety" under section 1385, subdivision (c)(2); (2) concluding that the application of the firearm enhancement "could not result in a sentence of over 20 years" under section 1385, subdivision (c)(2)(C); and (3) giving insufficient consideration to defendant's age at the time of the offense.

"In 2021, the Legislature enacted Senate Bill No. 81 (2021-2022 Reg. Sess.) . . . which amended section 1385 to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice. (Stats. 2021, ch. 721, § 1.)" (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.) Subdivision (c)(1) of section 1385, as amended, provides: "Notwithstanding any other law, the court shall dismiss

2

an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." Subdivision (c)(2) of section 1385 provides in relevant part: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." The pertinent mitigating circumstance here is when "[t]he application of an enhancement could result in a sentence of over 20 years." (§ 1385, subd. (c)(2)(C).)

There is a split among the Courts of Appeal as to the interpretation of the requirement to "afford great weight" to the mitigating circumstances listed in section 1385, subdivision (c)(2). (Compare *People v. Walker* (2022) 86 Cal.App.5th 386, 391 ["[M]andate to 'afford great weight' to mitigating circumstances erects a rebuttable presumption that obligates a court to dismiss the enhancement unless the court finds that dismissal of that enhancement . . . would endanger public safety"], review granted Mar. 22, 2023, S278309 with *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1096-1098 [ultimate question remains whether dismissal is in furtherance of justice and trial court retains discretion to impose enhancements without a public safety determination, even if one or more of the mitigating circumstances are established], review granted Apr. 12, 2023, S278894 & *People v. Anderson* (2023) 88 Cal.App.5th 233, 239-241 [dismissal is not mandatory, trial court retains discretion to dismiss enhancements in furtherance of justice], review granted Apr. 19, 2023, S278786.) This issue is currently under review and the California Supreme Court will ultimately decide the parameters of a trial court's discretion under section 1385.

Consistent with *Walker*'s interpretation of section 1385, defendant appears to argue the trial court was required to dismiss the firearm enhancement unless dismissal would endanger

public safety.[2]  Our resolution of this case, however, does not require us to weigh in on this split of authority because we agree with defendant's alternate argument -- namely, that the trial court erred by concluding that "this is not a case where the enhancement took the matter over 20 years."[3]  Defendant was sentenced to 15 years to life in prison for second degree murder, and the Board of Parole Hearings will decide when that prison term ends.  (*In re Butler* (2018) 4 Cal.5th 728, 733; *In re Monigold* (1983) 139 Cal.App.3d 485, 491.)  Had defendant not been sentenced for the firearm enhancement, it is possible his prison term would be less than 20 years.  Imposing an additional sentence of 25 years to life for the firearm enhancement in that situation would extend defendant's sentence beyond 20 years.  Therefore, applying the enhancement in this case "could result in a sentence of over 20 years."  (§ 1385, subd. (c)(2)(C).)

We further conclude that remand for a new sentencing hearing is warranted.  " 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.  [Citations.]  A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.'  [Citation.]  In such circumstances, . . . the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have

---

[2]  We note that, even under *Walker*, a finding that dismissing the enhancement would endanger public safety is required only if a mitigating circumstance listed in section 1385, subdivision (c)(2) is present.  Here, the trial court did not find that any of those mitigating circumstances applied.

[3]  Though defendant did not object on this basis below, this type of error may fall within a narrow class of sentencing issues that are reviewable in the absence of a timely objection.  (*People v. Leon* (2016) 243 Cal.App.4th 1003, 1023.)  In any event, to forestall a claim of ineffective assistance of counsel, we exercise our discretion to resolve the claim.  (See *People v. Crittenden* (1994) 9 Cal.4th 83, 146; *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 ["An appellate court is generally not prohibited from reaching a question that has not been preserved for review by a party"].)

reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)  Our review is further guided by the principle that "remand is unnecessary if the record is silent concerning whether the trial court misunderstood its sentencing discretion." (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1229.)  "But when a judge's remarks preceding a ruling reflect a misapprehension of the law upon which that ruling is based, the appellate court must consider the judge's remarks in its review." (*People v. Carter* (2014) 227 Cal.App.4th 322, 324.)

Here, the record establishes the trial court's view that this was "not a case where the enhancement took the matter over 20 years."  The court thus gave no weight to this mitigating circumstance despite the statutory mandate to "afford great weight" to it.  In these circumstances, we cannot conclude the result would have been the same had full consideration been given to section 1385, subdivision (c)(2)(C).  We offer no opinion on the outcome of the resentencing hearing.  Because we find that defendant is entitled to a new sentencing hearing on this basis, we need not resolve defendant's remaining claims.

### III.  DISPOSITION

The sentence is vacated, and the matter is remanded to the trial court for resentencing.


  /s/
Wiseman, J.[*]

We concur:


  /s/
Hull, Acting P. J.


  /s/
Mesiwala, J.

_____

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.