Filed 4/28/25  P. v. Hall CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NATHAN HALL,<br><br>    Defendant and Appellant. | B332004<br><br>Los Angeles County<br>Super. Ct. No. SA059162 |

APPEAL from an order of the Superior Court of Los Angeles County, Lauren Weis Birnstein, Judge. Affirmed.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

In 2007, a jury convicted defendant Nathan Hall of second degree murder (Pen. Code,[1] § 187, subd. (a)) and attempted murder (§ 664/187, subd. (a)). The jury further found that Hall personally used a deadly or dangerous weapon during the commission of the offenses (§ 12022, subd. (b)(1)). The trial court sentenced Hall to 15 years to life in state prison on the murder count, a consecutive life term on the attempted murder count, and imposed a one-year deadly weapon enhancement on that count, plus four one-year prior prison term enhancements.

In June 2023, Hall filed a motion under section 1172.75 to strike the four one-year prior prison enhancements. At the resentencing hearing,[2] the trial court struck the four one-year prior prison term enhancements under section 1172.75, but stated the one-year deadly weapon enhancement on the attempted murder "remains."

On appeal, Hall contends remand for a new sentencing hearing is required. He argues that the record does not establish the trial court was aware of its discretion to strike the deadly weapon enhancement pursuant to section 1385, subdivision (c). We see no basis for remand on this silent record. Accordingly, we affirm.

---

1    All undesignated statutory references are to the Penal Code.

2    Because the parties failed to include the reporter's transcript of the resentencing hearing in the appellate record, we directed the trial court to file it. On our own motion, we augmented the record to include the missing transcript. Appellate counsel is advised, moving forward, to submit a complete record on appeal to avoid unnecessary delay in resolving cases.

# DISCUSSION

Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) (SB 81) amended section 1385 "to specify mitigating circumstances that the trial court should consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice. (Stats. 2021, ch. 721, § 1.)" (*People v. Lipscomb* (2022) 87 Cal.App.5th 9, 16.) Section 1385, subdivision (c) now provides: "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the [enumerated] mitigating circumstances . . . are present."

Hall argues remand for a new sentencing hearing is required to allow the court to exercise its discretion to dismiss the deadly weapon enhancement under section 1385, subdivision (c). We disagree. At the time the trial court resentenced Hall, SB 81 had been in effect for over a year. Nothing in the record affirmatively demonstrates the court was unaware of its discretion under section 1385, subdivision (c). "'The trial court is not required to state reasons for declining to exercise its discretion under section 1385' [citations], and 'is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary' [citation]." (*People v. Brugman* (2021) 62 Cal.App.5th 608, 637.) Hall's citation to a silent record, therefore, does not suffice to meet his burden to demonstrate an abuse of discretion. (See *People v. Brown* (2007) 147 Cal.App.4th 1213, 1229 ["[R]emand is unnecessary if the record is silent concerning whether the trial court misunderstood its sentencing

discretion.  Error may not be presumed from a silent record"]; see also *People v. Czirban* (2021) 67 Cal.App.5th 1073, 1096-1097 [where the record contained no evidence that the trial court was unaware of its discretion, the appellate court would not "presume the court failed to exercise its discretion"].)

## DISPOSITION

The order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

DAUM, J.\*

We concur:

ZUKIN, Acting P.J.

MORI, J.

---

\*    Judge of the Los Angeles Superior Court assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.

4