Filed 12/10/24  P. v. Marroquin CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>NICHOLAS ANDRES MARROQUIN,<br><br>Defendant and Appellant. | F087284<br><br>(Super. Ct. No. PCF305430)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

Robert Navarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Darren K. Indermill and Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Defendant Nicholas Andres Marroquin appeals following his resentencing for three counts of attempted murder and four counts assault with a firearm, among other offenses.  In 2020, we issued our opinion in Marroquin's first appeal.  We vacated his

sentence and remanded the matter for resentencing at which time the trial court was to exercise its then-new discretion to strike the Penal Code[1] sections 12022.5, subdivision (a)(1), and 12022.53, subdivision (c), firearm enhancements found true by the jury. (*People v. Marroquin* (Mar. 16, 2020, F076530) [nonpub. opn.], 2020 WL 1242925, at pp. 1, 18 (*Marroquin I*).) We also directed that Marroquin be afforded the opportunity for a proceeding under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) so he could present youth-related factors for use at a future youth offender parole hearing. (*Marroquin I*, at p. 18.)

Before Marroquin's resentencing, the California Supreme Court decided *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*). In *Tirado*, the Court held that where a jury has found true a firearm use enhancement under section 12022.53, subdivision (d), the trial court has the discretion to strike it and instead impose a lesser, uncharged enhancement under section 12022.53, subdivisions (b) or (c). (*Tirado, supra,* 12 Cal.5th at pp. 697, 700–701). On remand, the trial court reimposed the section 12022.53, subdivision (c), enhancements without mentioning *Tirado*, and no *Franklin* proceeding was held.

Marroquin now contends his sentence must again be vacated and the matter remanded for resentencing. He argues the trial court abused its discretion by being unaware of its authority under *Tirado* to impose lesser firearm enhancements with respect to the section 12022.53 enhancements. Alternatively, he asserts his trial counsel was ineffective for not ensuring the court was aware of *Tirado*'s holding. Marroquin further argues the trial court erred by failing to hold a *Franklin* proceeding and, in the alternative, claims his counsel was ineffective for failing to pursue such a proceeding.

We reluctantly conclude the sentence must be vacated and the matter remanded for resentencing because the record is at least ambiguous as to whether the trial court

---

[1] Undesignated statutory references are to the Penal Code.

understood its discretion under *Tirado* to impose lesser firearm enhancements.  Given
this conclusion, we need not address any arguments relating to *Franklin*.

## STATEMENT OF THE CASE

In 2017, a jury convicted Marroquin of three counts of attempted murder (Pen.
Code, §§ 664/187, subd. (a); counts 3, 5 & 7), four counts of assault with a firearm
(§ 245, subd. (a)(2); counts 2, 4, 6 & 8), one count of maliciously shooting at a person
from a vehicle (§ 26100, subd. (c); count 9), one count of being a convicted felon in
possession of a firearm (§ 29800, subd. (a); count 10), one count of being a felon in
possession of ammunition (§ 30305, subd. (a)(1); count 11), and one count of active
participation in a criminal street gang (§ 186.22, subd. (a); count 12).[2]  As to all counts
except for count 12, the jury found that Marroquin acted for the benefit of a criminal
street gang (§ 186.22, subd. (b)(1)(B) & (5)).  As to counts 3, 5, and 7, the jury found he
personally discharged a firearm (§ 12022.53, subd. (c)).[3]  As to counts 2, 4, 6, and 8, the
jury found he personally used a firearm (§ 12022.5, subd. (a)(1)).

On October 5, 2017, the trial court sentenced Marroquin to a total term of 54 years
to life in prison.  On count 2, the court imposed a term of four years plus 10 years
(§ 12022.5, subd. (a)(1)), plus five years (§ 186.22, subd. (b)(1)(B)).  On count 3, the
court imposed a term of 15 years to life plus 20 years (§ 12022.53, subd. (c)), to run
consecutively to the term imposed on count 2.  Marroquin received concurrent terms on
the remaining counts, which the court stayed under section 654.

On March 16, 2020, this court issued its opinion in Marroquin's first direct appeal.
We reversed the section 186.22, subdivision (a), conviction (count 12) for insufficient
evidence.  We remanded the matter for resentencing at which time the trial court was to

---

[2] The crimes were committed on August 7, 2014.

[3] The jury also found true as to these counts that he personally and intentionally
used a firearm (§ 12022.53, subd. (b)).

3.

exercise its discretion to consider striking the section 12022.5 and section 12022.53 firearm enhancements. After Marroquin was sentenced, Senate Bill No. 620 was enacted to give trial courts the discretion to strike section 12022.5 and section 12022.53 enhancements. We also held, under *Franklin, supra,* 63 Cal.4th 261, that Marroquin was to be afforded on remand "an opportunity to present evidence" of youth-related factors to be considered at his future youth offender parole hearing.

Marroquin was resentenced on October 10, 2023. The trial court imposed a total term of 41 years to life. On count 2, the court imposed a term of four years plus 10 years (§ 12022.5, subd. (a)(1)).[4] On count 3, the court imposed a term of life with the possibility of parole plus 20 years (§ 12022.53, subd. (c)), to run consecutively to the term imposed on count 2. The court imposed terms of life with the possibility of parole plus 20 years (§ 12022.53, subd. (c)) on counts 5 and 7 and ordered those terms to run concurrently to the term imposed on count 3. The court stayed the terms it imposed on counts 4, 6, and 8 through 11 under section 654.

On December 5, 2023, Marroquin, in propria persona, filed a notice of appeal.

## FACTS

Below is a summary of the facts relevant to the proceedings on remand.

### I.    June 26, 2023, hearing

At a hearing on June 26, 2023,[5] the trial court began by denying Marroquin's section 1172.6 petition for resentencing, ruling he was ineligible for such relief as a matter of law as the actual shooter.

---

[4] Before the resentencing hearing, Marroquin filed a petition for a writ of habeas corpus setting forth the amendments to section 186.22 by Assembly Bill No. 333. The record does not say what happened in that habeas proceeding, but comments by the sentencing court and Marroquin's counsel indicate Marroquin's petition was successful, and that the gang enhancement findings were vacated. In any event, the prosecution announced it was no longer pursuing those enhancement allegations and dismissed them.

[5] Subsequent references to dates are to dates in 2023 unless otherwise stated.

4.

Marroquin's counsel said that Marroquin had asked him "about other code sections, basically, like SB 333 and AB 1333."[6]  The court asked Marroquin which code sections he was "concerned about," and Marroquin said he "ha[s] intentions to apply for AB 333, the newly and active provisions for the gang enhancements, which is retroactive to not yet a final judgment."  Assembly Bill No. 333 (2021–2022 Reg. Sess.) amended section 186.22's definition of a criminal street gang.[7]  Marroquin also said he had been "approved for SB 620 through my direct appeal.  It's been pending resentencing since 2021 or so, and they reversed one of my gang enhancements, 186.22."

The trial court responded:  "If it's a gang issue, it doesn't just go away, it can be rescheduled for another trial.  It's not that you can't get it—not that you just dismiss it, but you can establish it by doing another trial on it.  Do you understand that?"  Marroquin said he understood.

After a brief, clarifying discussion on the grounds on which the section 1172.6 petition was denied, Marroquin brought up his resentencing again.  He said:  "And in regards to my direct appeal resentencing, like I said, I was approved through my direct appeal for resentencing under SB 620 under the gun enhancements."  The court replied:

---

[6] We assume counsel meant to refer to SB 620 and AB 333 in this sentence.

[7] It "narrowed the definition of a 'criminal street gang' to require that any gang be an 'ongoing, organized association or group of three or more persons' "; it requires that the pattern of criminal activity foundational to a criminal street gang "have been 'collectively engage[d] in' by members of the gang"; it also imposed further requirements limiting the offenses on which a pattern of criminal gang activity could be predicated; and it required that "for an offense to have commonly benefitted a street gang, ... any 'common benefit' be 'more than reputational.' " (*People v. Tran* (2022) 13 Cal.5th 1169, 1206 (*Tran*), italics omitted.)  Section 186.22, subdivision (g), specifies that "[e]xamples of a common benefit that are more than reputational may include, but are not limited to, financial gain or motivation, retaliation, targeting a perceived or actual gang rival, or intimidation or silencing of a potential current or previous witness or informant."

Assembly Bill No. 333 also applies retroactively to cases not yet final on appeal as of its effective date.  (*Tran*, 13 Cal.5th at p. 1207.)

"Right.  And on that one, that—I addressed that last time we were in court, and I find that the gun enhancement is appropriate and I'm not going to change that."

The prior court hearing was on June 22, four days before the June 26 hearing.  The transcript of that hearing was not made part of the normal record on appeal.  On our own motion, we ordered the record augmented to include the transcript of that hearing.  Senate Bill No. 620 and the firearm enhancements were not discussed at all at that hearing.

The discussion then reverted to Assembly Bill No. 333, and Marroquin reiterated his intent to apply for relief under the amended law.  The trial court proceeded to the firearm enhancements.  The court said:  "Like I said, at this point, the Court is ruling that I believe the 12022.53 was the appropriate special allegation and that will remain.  I'm exercising my discretion by doing that.  So in light of that, there's no resentencing required on that."

The court then said it believed there were no other issues to discuss.  The following took place.

> "[DEFENSE COUNSEL]:  *Franklin*.  We can talk about the *Franklin*.
>
> "THE COURT:  Oh.  The *Franklin*.  [¶]  How old were you when you were convicted?
>
> "[MARROQUIN]:  23.[8]
>
> "THE COURT:  So I will order that—I will grant you the *Franklin* motion wherein the—all the records need to be preserved for you to be able to utilize them later on.  So that's all I can say is the records—if they exist, anything that exists now cannot be destroyed so you have ability to use them in your *Franklin* hearing.  Okay."

A *Franklin* proceeding was never held, nor was *Franklin* even mentioned again in the proceedings below.

---

[8] Marroquin committed the offenses when he was 22 years old.

After the trial court's words about *Franklin*, defense counsel asked the court if it had received Marroquin's letter.  The court said no.  The clerk then said she had it but had not yet given it to the court.  The court then received the letter, heard no objection from the prosecutor to its reading the letter, and read it.[9]  The court said:

"All right.  Mr. Marroquin, it looks like you made the best of the situation you're in and that's great.  It's going to go very well for you when you have your early parole hearing.  So continue on that track[.]"

The trial court next discussed the section 186.22, subdivision (a), conviction—the gang participation conviction.  The court noted that conviction was reversed and stated that the prosecution could elect to retry it.  The court asked the prosecutor what his office intended to do, and the prosecutor asked for a continuance to "look into it." [10]

The hearing was continued to July 19.

## II.    September 8 hearing

After several more continuances, the next hearing was September 8.  To begin the hearing, the prosecutor informed the court that Marroquin had "a habeas regarding AB333 that went up and was heard with Judge Fultz.  We submitted on that.  We're not pursuing the gang anymore."  The prosecutor said Marroquin "just needs to be

---

[9] The letter was made part of the record.  It was typed, two pages long, and addressed to the sentencing judge.  The introductory paragraph says the letter was submitted "with hopes to have this honorable court consider its discretion under senate bill 620."  In the letter, Marroquin describes the progress he has made in prison towards his rehabilitation.  Among other things, he had obtained his G.E.D. certificate, completed multiple vocational programs, and developed a business plan in the event he is paroled.

[10] The trial court was incorrect that Marroquin could be retried on this count.  As mentioned, we reversed the conviction because the evidence was insufficient that Marroquin acted in concert with anyone else.  This has always been an element of section 186.22, subdivision (a).  The evidential insufficiency was not created by a postconviction change in the law, in which case the prosecution would be allowed to retry the count.  (*People v. Hola* (2022) 77 Cal.App.5th 362, 375.)  Retrial was barred by double jeopardy principles.  (*People v. Wilson* (2023) 14 Cal.5th 839, 853.)

resentenced on what he was found guilty of without the gang allegations." It was later clarified that this meant a different judge of the superior court in a habeas proceeding ordered the jury's findings on the gang enhancement allegations vacated, and since the prosecutor elected not to retry the allegations, they were dismissed.

Marroquin then said he wanted to address something about Senate Bill No. 620. The prosecutor interposed: "[Marroquin] had filed a petition under SB620, but from my notes, that I'm looking at from Mr. Sangree, indicated that that motion was denied." Marroquin said, "Yes. It was." Then the court said, "So it was already denied and done."

The trial court referred the matter to the probation department for preparation of a new presentence report and set sentencing for October 10.

## III.   October 10 hearing

The probation department prepared and circulated a presentence report before the October 10 hearing, which did not mention the trial court's discretion under *Tirado, supra,* 12 Cal.5th 688, to impose a lesser section 12022.53 enhancement. Neither the prosecution nor the defense filed a sentencing memorandum.

At the sentencing hearing, the parties began with addressing issues not relevant to those raised in this appeal. Then the prosecutor said:

> "Also, just to make a record, one of the bas[e]s of the remittitur was for the Court to exercise discretion on whether to impose those weapon enhancements, and this Court has previously ruled on that, that given its new discretion, it still would impose those enhancements. We've litigated that previously, but I just wanted to make that part of the record today."

The trial court replied, "And that is accurate." The court pronounced the sentence of 41 years to life, which included imposing the section 12022.53, subdivision (c), enhancements on counts 3, 5, and 7.

At the hearing, defense counsel offered no comments or argument on Marroquin's behalf with respect to sentencing.

**IV.     Notice of appeal**

On December 5, Marroquin filed a notice of appeal in pro per.

**DISCUSSION**

**I.     Firearm enhancements**

Marroquin argues his sentence must be vacated and the matter remanded for resentencing because the record "strongly indicates" the trial court was unaware of its discretion under *Tirado, supra,* 12 Cal.5th 688 to impose a lesser firearm enhancement with respect to the section 12022.53, subdivision (c), enhancements.  He contends this constitutes an abuse of discretion requiring reversal.  Alternatively, he asserts his trial counsel was ineffective for failing to ensure the court was aware of its discretion under *Tirado*.  The People do not assert forfeiture, but they argue the record "confirms" the trial court was aware of *Tirado* and chose not to exercise its discretion.

We find the record at least ambiguous as to whether the trial court understood its discretion under *Tirado*.  Accordingly, resentencing is required.

**A.     Background law**

As we have explained, Senate Bill No. 620, effective January 1, 2018, amended section 12022.53, subdivision (h), to give trial courts discretion to "strike or dismiss" enhancements imposed under this section "in the interest of justice pursuant to Section 1385."  In Marroquin's prior appeal, we vacated his sentence and remanded the matter for resentencing, at which time the trial court was to exercise its discretion to consider striking the section 12022.5 and section 12022.53 enhancements.  We issued our decision on March 16, 2020, with the remittitur issuing on July 9, 2020.

In January 2022, before Marroquin's resentencing, the Supreme Court decided *Tirado, supra,* 12 Cal.5th 688, holding that section 12022.53, as amended by Senate Bill No. 620, "permits a court to strike [a] section 12022.53[, subdivision] (d) enhancement found true by the jury and to impose a lesser uncharged statutory enhancement instead." (*Tirado, supra,* 12 Cal.5th at p. 692.)  Thus, under *Tirado*, a trial court could either strike

a section 12022.53, subdivision (d), enhancement outright, or impose a lesser uncharged enhancement under section 12022.53, subdivision (c), or section 12022.53, subdivision (b). This discretion also applies to section 12022.53, subdivision (c), enhancements, allowing courts to impose a subdivision (b) enhancement instead.

## B.     Standard of review

Sentencing decisions are reviewed for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) " 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' [Citation.] In such circumstances, … the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 (*Gutierrez*).)

A trial court is presumed to have been aware of and followed the applicable law. (*Gutierrez, supra,* 58 Cal.4th at p. 1391.) Remand is unnecessary if the trial court was aware of its sentencing discretion or "if the record is silent concerning whether the trial court misunderstood its sentencing discretion. Error may not be presumed from a silent record." (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1229.) But this presumption is rebutted when "the record is at the very least ambiguous as to whether the court understood its" discretion. (*People v. Ochoa* (2020) 53 Cal.App.5th 841, 853.)

## C.     Analysis

The record here is ambiguous regarding the trial court's awareness of its discretion under *Tirado*. At the June 26 hearing, the court stated it found the section 12022.53, subdivision (c), enhancement "appropriate" but provided no further explanation. At the October 10 hearing, the prosecutor stated:

"Also, just to make a record, one of the bas[e]s of the remittitur was for the Court to exercise discretion on whether to impose those weapon enhancements, and this Court has previously ruled on that, that given its new discretion, it still would impose those enhancements. We've litigated that previously, but I just wanted to make that part of the record today."

The court responded that that was "accurate."

The prosecutor's remarks reflected a pre-*Tirado* understanding of the court's sentencing discretion, suggesting only a binary choice to impose or strike the section 12022.53, subdivision (c), enhancements. Notably, *Tirado* was not mentioned during the proceedings, raising legitimate doubt about whether the trial court understood its expanded discretion to impose a lesser enhancement. This ambiguity rebuts the presumption that the trial court was fully aware of its sentencing discretion.

Remand is required unless the record "clearly indicates" resentencing would be futile. (*People v. Salazar* (2023) 15 Cal.5th 416, 424 (*Salazar*).) Here, the trial court's statements—that the firearm enhancement was "appropriate" and that it had previously exercised its discretion—are consistent with the possibility that the court believed reducing the enhancement could also be "appropriate." Given this ambiguity, remand for resentencing is necessary to ensure the trial court exercises its discretion with full awareness of the law.[11]

## II.    *Franklin* proceeding

In our prior opinion, we directed the trial court to provide Marroquin an opportunity to present evidence under *Franklin, supra,* 63 Cal.4th 261. At the June 26 hearing, the trial court ordered all of the records in the trial court's file to be preserved for use at a future *Franklin* hearing. But no *Franklin* hearing was held, nor was the issue raised again.

---

[11] On remand, the trial court and the parties should also consider *People v. McDavid* (2024) 15 Cal.5th 1015.

11.

Marroquin argues the trial court erred by failing to conduct a *Franklin* proceeding "as it was instructed to do by this court's remittitur." Alternatively, he contends that if he is deemed to have abandoned his right to a *Franklin* proceeding, his counsel was ineffective for not raising the issue again.

The People counter that Marroquin forfeited his right to a *Franklin* proceeding by not pursuing it further. Even if not forfeited, they argue, citing *In re Cook* (2019) 7 Cal.5th 439, 458, that Marroquin can still seek a proceeding under section 1203.01 to present evidence of youth-related factors.

Because we are remanding the matter for resentencing, we do not address the parties' arguments related to *Franklin*. Still, we would note that, contrary to Marroquin's assertion, this court did not order the trial court to conduct a *Franklin* proceeding on remand. Rather, we directed the court to provide Marroquin the opportunity for such a proceeding. This distinction is significant. In any event, on remand, Marroquin is to again be afforded the opportunity to develop a record under *Franklin* relevant to his future youth offender parole hearing.

## DISPOSITION

The sentence is vacated and the matter is remanded for resentencing.

SNAUFFER, J.

WE CONCUR:

FRANSON, Acting P. J.

SMITH, J.

12.