Filed 5/18/26  P. v. Session CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVONTE SESSION,<br><br>    Defendant and Appellant. | B340558<br><br>(Los Angeles County<br> Super. Ct. No. PA081310) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael Terrell, Judge.  Affirmed.

Criminal Appeals Advocates and Kristen J. Mason for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, and Lindsay Boyd, Deputy Attorney General, for Plaintiff and Respondent.

Defendant Davonte Session appeals from an order following a resentencing hearing conducted pursuant to Penal Code section 1172.75.[1] Session argues the resentencing court abused its discretion by (1) declining to strike or dismiss a firearm enhancement imposed under section 12022.53, (2) imposing consecutive terms instead of concurrent terms, and (3) imposing the middle term instead of the low term on the principal count. We affirm the resentencing order.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

### A. Conviction and Original Sentence

This case concerns a gang-related drive-by shooting. In July 2014, Michelle Ventura and her mother Dora Palacios were outside a converted garage in Pacoima where they lived. Ventura was holding her infant daughter, Mia. The garage was attached to the house of Juan Gutierrez, Mia's father. Gutierrez was inside the house, and Ventura's brother was inside the garage. At about 6:30 p.m., Ventura saw a brown car driven by a woman with red hair. At least two men were in the car. Ventura heard gunshots and ran into the house.

Gutierrez immediately gave chase in his green SUV. A patrol officer saw a tan SUV speed westbound on Van Nuys Boulevard followed by Gutierrez's car. The tan SUV ran a red light, but Gutierrez stopped. He told the officer shots had been fired at his house from the tan SUV. The officer caught up with the tan SUV and ordered the occupants out of the car. Session

---

[1] All further statutory references are to the Penal Code.

[2] The background facts are taken from the opinion affirming Session's conviction with a modification in sentencing. (*People v. Session* (Feb. 7, 2017, B266207) [nonpub. opn.].)

2

was in the back seat behind the driver, Anisha Johnson, whose hair had been dyed bright red. William Leander Jones was in the front passenger seat, and an underage girl wearing a bright red t-shirt was in the right rear passenger seat. Two semiautomatic pistols were found in a compartment in the right rear passenger section of the SUV. No live ammunition was found in the magazines or guns.

Two bullet fragments were found in the driveway of Gutierrez's house, and three casings were found on his street. The casings and one of the bullet fragments were matched to the firearms found in the tan SUV. Bullet holes were found in Gutierrez's SUV, in an RV parked in front of his house, in the garage door, and in a couch behind that door.

Session and Jones were members of the Pacoima Piru Bloods gang, a rival of the Humphrey Boys gang. The Pacoima Piru Bloods were associated with the color red. Gutierrez was a Humphrey Boys gang member, and his house was known to police for gang activity. The Pacoima Piru Bloods and Humphrey Boys had been feuding over overlapping territory.

In 2015, a jury convicted Session of shooting at an inhabited dwelling (§ 246; count 5), assault with a semiautomatic firearm against Mia, Palacios, and Ventura (§ 245, subd. (b); counts 6–7 & 9), unlawfully carrying a loaded firearm (§ 25850, subd. (a); count 10), possession of a firearm by a felon (§ 29800, subd. (a)(1); count 11), and possession of ammunition by a felon (§ 30305, subd. (a)(1); count 12). The jury found all offenses were committed for the benefit of a criminal street gang. (§ 186.22, subd. (b)(1).) As to count 5, the jury found that a principal personally used and intentionally discharged a firearm.

3

(§ 12022.53, subds. (b), (c), and (e)(1).) Session admitted a prior prison term allegation under section 667.5.

Session was sentenced to 15 years to life on count 5, plus 24 years four months on the remaining counts. A different panel of this Division modified Session's sentence to stay the term imposed on count 12 but otherwise affirmed the judgment.

## B. Section 1172.75 Resentencing[3]

In October 2023, after Session became eligible for resentencing under section 1172.75, Session's appointed counsel filed a motion for full resentencing. In addition to requesting the court strike the prior prison term and gang enhancements, Session asked the court to strike the section 12022.53 firearm enhancement pursuant to Senate Bill No. 620 (2017–2018 Reg. Sess.) (SB 620) and Senate Bill No. 81 (2021–2022 Reg. Sess.) (SB 81).

At the initial resentencing hearing in July 2024, the trial court struck the prior prison term enhancement, and the prosecution informed the court it would not seek a retrial on the gang allegations. The court continued the hearing to consider

---

[3] Session's appellate briefs fail to "[p]rovide a summary of the significant facts limited to matters in the record" relating to his claims in this appeal. (Cal. Rules of Court, rule 8.204(a)(2)(C).) Session instead quotes twelve single-spaced pages verbatim from the opening brief filed in his direct appeal. This includes citations to a clerk's and reporter's transcript not part of the record in this appeal and excludes any discussion of his resentencing. This is sufficient to find Session's claims relating to the trial court's findings forfeited. (See *Jogani v. Jogani* (2026) 118 Cal.App.5th 823, 841; see also *Perry v. Kia Motors America, Inc.* (2023) 91 Cal.App.5th 1088, 1096.) However, we exercise our discretion to address the issues on the merits.

4

"the gun enhancement and also low term, mid term, high term issues."

At the continued hearing a few days later, the prosecution provided the trial court with a certified copy of Session's rap sheet and detailed his criminal history, beginning when he was a juvenile and including a prison term for "carrying a loaded firearm" the year before the drive-by shooting in this case. The prosecutor argued that while Session did "some classes" and had not reoffended in custody, this was "an extremely aggravated case." The prosecutor asserted the victims of the drive-by shooting included an elderly woman and infant and that it was only by luck that Session did not kill someone. The prosecutor requested Session be resentenced to a total term of 53 years and eight months.

Session's counsel requested the trial court "impose the low term" and "run everything concurrent." The court stated that the "default is sort of the mid-term" and asked defense counsel what mitigating factors applied, other than Session being in custody for 10 years and not "pick[ing] up any new crimes." Session's counsel stated he submitted a mitigation report, which is not part of the record on appeal, that described Session's childhood trauma and psychological, physical, and sexual abuse he experienced. Session then addressed the court. He explained he was 19 years old when the crime occurred, provided additional details about his childhood, and detailed the ways he matured while in custody.

The trial court noted it had reviewed all the briefs that were filed in the case. The court stated the principal term was going to be count 6. It acknowledged Session presented "substantial mitigation factors" and made "a powerful

statement," but found Session's request for the low term was "not supported by the record."  The court said it did "not believe that those mitigating factors come close to outweighing the aggravating factors."  The court imposed the middle term on count 6.

As to Session's request to strike the firearm enhancement, the trial court determined the "record more than support[ed]" the enhancement and "[t]he mitigating factors [did] not come close to overcoming the aggravating factors as it pertains to the use of the firearm itself."  The court reasoned, "[T]he facts of this case here were that there were multiple firearms, multiple discharge of firearms, [and] vulnerable victims."

The trial court vacated the original sentence of 15 years to life plus 24 years four months.  It resentenced Session to a shorter total term of 22 years eight months.  The terms as to all counts, except counts 11 and 12, were to be served consecutively.  The following month, the court recalled the matter after discovering a mistake in applying "the triad for count 5."  The court corrected the error and resentenced Session to a total term of 22 years four months, which included a 10-year firearm enhancement under section 12022.53, subdivision (b).  The court stated it was otherwise implementing what it intended at the previous hearing.  Session timely appealed.

## DISCUSSION

### A.    Standard of Review

Generally, we review a trial court's sentencing decisions for abuse of discretion.  (*People v. Gonzalez* (2024) 107 Cal.App.5th 312, 323.)  "'In reviewing for abuse of discretion, we are guided by two fundamental precepts.  First, "'[t]he burden is on the party

6

attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.'"  [Citations.]  Second, a '"decision will not be reversed merely because reasonable people might disagree.  "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge."'"  [Citation.]  Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it.'"  (*People v. Strother* (2021) 72 Cal.App.5th 563, 571.)  Further, remand is unnecessary if the court was aware of its sentencing discretion or "if the record is silent concerning whether the trial court misunderstood its sentencing discretion.  Error may not be presumed from a silent record."  (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1229.)

## B.	The Trial Court Did Not Abuse Its Discretion in Declining to Strike or Dismiss the Firearm Enhancement

Session argues the trial court abused its discretion in declining to strike or dismiss the firearm enhancement imposed under section 12022.53.  He asserts the record contains no indication the court properly evaluated whether to strike the enhancement under the frameworks of SB 620 and SB 81.  We disagree.

Section 12022.53, subdivision (b) states, "a person who, in the commission of a felony specified in subdivision (a), personally

uses a firearm, shall be punished by an additional and consecutive term of imprisonment in the state prison for 10 years." Before 2018, section 12022.53 prohibited courts from striking its enhancements. (*People v. Tirado* (2022) 12 Cal.5th 688, 695.) SB 620, effective January 2018, amended section 12022.53, subdivision (h) to give trial courts discretion to strike or dismiss an enhancement "'in the interest of justice pursuant to Section 1385.'" (*Tirado*, at p. 696.) Section 1385, subdivision (a) provides that a court may, "in furtherance of justice, order an action to be dismissed."

SB 81 later added section 1385, subdivision (c). (*People v. Cota* (2023) 97 Cal.App.5th 318, 334.) The provision provides:

> "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.
>
> "(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. . . ." (§ 1385, subd. (c).)

In this case, Session argues two mitigating circumstances applied: (1) application of the enhancement resulted in a sentence exceeding 20 years, and (2) the current offense was connected to his childhood trauma. (§ 1385, subd. (c)(2)(C), (E).) According to Session, the court was obligated to dismiss the

8

firearm enhancement because it did not make an express finding that "dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).)

Our Supreme Court has rejected Session's claim that section 1385, subdivision (c)(2) creates a presumption in favor of dismissing enhancements that can only be overcome by a finding that dismissal endangers public safety. (*People v. Walker* (2024) 16 Cal.5th 1024, 1033 (*Walker*).) Even "absent a finding that dismissal would endanger public safety, a court retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present." (*Id.* at p. 1029.) "'[T]he ultimate question before the trial court remains whether it is in the furtherance of justice to dismiss an enhancement.'"[4] (*Id.* at p. 1033.)

Here, the record shows the trial court engaged in the "'holistic balancing'" required by section 1385, finding aggravating factors far outweighed mitigating factors. (*Walker*, *supra*, 16 Cal.5th at p. 1034.) Contrary to Session's contention, the trial court evaluated whether to strike the firearm enhancement under SB 620 and SB 81. It acknowledged reviewing Session's motion for resentencing, which discussed

---

[4] To the extent Session contends the language of section 1385, subdivision (c)(2)(C) required dismissal of the enhancement, all appellate courts that have considered the issue have concluded that subdivision (c)(2)(C) permits, but does not require a court to dismiss an enhancement that could result in a sentence of over 20 years. (See e.g., *People v. Mazur* (2023) 97 Cal.App.5th 438, 445; *People v. Anderson* (2023) 88 Cal.App.5th 233, 239–240.) Session does not discuss this case law or cite any authority holding that section 1385, subdivision (c)(2)(C) mandates dismissal of an enhancement.

both Senate Bills extensively. The court stated it considered the "mitigation factors that were presented," including the statement in which Session spoke powerfully about his youth at the time of the offense, difficult childhood, and growth in custody. It also considered the aggravating factors, including Session's criminal history, the serious nature of the offense, the discharge of multiple firearms, and the particularly vulnerable victims. The court ultimately found "[t]he mitigating factors do not come close to overcoming the aggravating factors."

The trial court was not required to use any particular language in declining to dismiss the firearm enhancement. (*People v. Bravo* (2025) 107 Cal.App.5th 1144, 1157.) It "'is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary.'" (*People v. Brugman* (2021) 62 Cal.App.5th 608, 637.) Here, nothing in the record demonstrates the court acted arbitrarily or irrationally or misunderstood the significance of the mitigating factors. The court did not abuse its discretion when it determined that dismissing Session's firearm enhancement was not in furtherance of justice.

## C. The Trial Court Did Not Abuse its Discretion in Imposing Consecutive Terms

Next, Session asserts the trial court imposed consecutive sentences on all counts, except counts 11 and 12, without referencing or applying the criteria set forth in California Rules of Court, rule 4.425(a).[5] He contends this omission establishes an abuse of discretion. We disagree.

---

[5] Further rule references are to the California Rules of Court.

10

Rule 4.425 lists factors "affecting the decision to impose consecutive rather than concurrent sentences." They include the "[f]acts relating to the crimes" and "[a]ny circumstances in aggravation or mitigation." (Rule 4.425(a), (b).) A trial court has "'broad discretion'" to impose concurrent or consecutive sentences. (*People v. Leon* (2010) 181 Cal.App.4th 452, 467.)

While Session contends the trial court did not articulate its reasoning for imposing consecutive sentences, Session's counsel did not object or request such clarification. Accordingly, Session forfeited this claim of error. (*People v. Boyce* (2014) 59 Cal.4th 672, 730–731 (*Boyce*) ["'complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal'"].)

Even if we consider Session's claim on the merits, he fails to show error. At the resentencing hearing, Session's counsel asked that all sentences be imposed concurrently, while the prosecutor asked all sentences be imposed consecutively. The court thus considered Session's request to run his sentences concurrently and denied it.

Several aggravating factors the court identified supported the imposition of the consecutive terms, and only one was required. (*People v. Davis* (1995) 10 Cal.4th 463, 552 (*Davis*); *People v. Scott* (1994) 9 Cal.4th 331, 350, fn. 12 (*Scott*) ["one relevant and sustainable fact may explain a series of consecutive sentences"].) For example, the court pointed out multiple firearms were used in the gang-related drive-by shooting and vulnerable victims were involved. In identifying these aggravating circumstances, the court stated the primary reasons for its decision. It was not required to use any particular

11

language or terms for its sentencing choice.  (Rule 4.406(a).)  There is no indication in the record the court misunderstood or abused its discretion.

## D.     The Trial Court Did Not Abuse Its Discretion in Imposing the Middle Term

Lastly, Session argues the trial court abused its discretion by imposing the middle term on the principal count (count 6) because it failed "to meaningfully engage with the statutory presumption in favor of the low term under [ ] section 1170(b)(6)." Session does not demonstrate reversible error.

Where a statute specifies three possible terms of imprisonment, section 1170, subdivision (b)(1), provides the middle term is the presumptive term of imprisonment.  However, section 1170, subdivision (b)(6) (section 1170(b)(6)) states, "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense:"  "The person has experienced psychological, physical, or childhood trauma," or the person was under 26 years of age when the offense was committed.  Once an "initial showing" has been made that the low term presumption applies, the record must "affirmatively show compliance with the statute." (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 992.)

Here, Session's counsel did not mention section 1170(b)(6) when asking the court to impose the low term or object when the trial court stated the "default is sort of the mid-term."  To the extent the issue is not forfeited (*Boyce*, *supra*, 59 Cal.4th pp. 730–

12

731; *People v. Tilley* (2023) 92 Cal.App.5th 772, 778), and assuming Session made an initial showing that the low term presumption applied, any error by the trial court was harmless. An error in sentencing requires remand if "'"'it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of error.'"'" (*People v. Gutierrez* (1991) 227 Cal.App.3d 1634, 1638.)

When finding that the low term was not appropriate and imposing the middle term, the court considered Session's evidence of rehabilitation and weighed the mitigating and aggravating factors present. The court then determined the aggravating factors outweighed the mitigating circumstances. We do not reweigh the sentencing factors. (*Scott*, *supra*, 9 Cal.4th at p. 355.) The court's finding was consistent with its other sentencing decisions. Session does not establish it is reasonably probable the trial court would have sentenced Session to the low term had it made an express finding pursuant to section 1170(b)(6).[6] (*Davis*, *supra*, 10 Cal.4th at p. 552.)

---

[6] Session argues there were "multiple instances of confusion" at the second resentencing hearing such that the trial court may not have been operating with a full understanding of the record. Session primarily points to a discussion about whether Session had a strike on his record, which he did not. At the beginning of the hearing, Session's counsel asked the court to exercise its discretion "under *Romero* to strike the strike." Later, after the low term had been imposed, the court said it was going to deny the *Romero* motion. When the court was calculating the total term of Session's new sentence, Session's counsel clarified Session did not have a strike on his record. The court noted Session's counsel was correct and calculated Session's new sentence accordingly. The court did not reference a strike when it imposed the middle term on the principal count. There is therefore no showing the discussion concerning the strike, which was initially

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MORI, acting P. J.

We concur:


TAMZARIAN, J.


COGLIATI, J. **

---

raised by Session's counsel, had any impact on the court's ultimate sentencing decisions.

** Judge of the Santa Cruz County Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.

14